**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **CANDICE TAYLOR,** on behalf of herself and all others similarly situated, | ) ) ) CASE NO. |
| Plaintiffs, | ) ) **CLASS AND COLLECTIVE ACTION** |
| v. | ) **COMPLAINT** ) |
| **TRANSPORT-U-TRANSPORTATION LLC** and **MELANIE ROSS**, | ) **JURY DEMAND ENDORSED HEREON** ) ) |
| Defendants. | ) ) |

Plaintiff Candice Taylor ("Plaintiff"), by and through counsel, for her Complaint against Defendants, Transport-U-Transportation LLC ("Transport-U") and Melanie Ross ("Ross") (jointly "Defendants"), state and allege as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., and the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03 *et seq.* (the "Ohio Wage Act").

2. Plaintiff brings her FLSA claims as a "collective action" pursuant to 29 U.S.C. §216(b) on behalf of herself and other "similarly situated" persons who have joined or may join this case pursuant to § 216(b).

3. Plaintiff brings her Ohio Wage Act claims as a "class action" pursuant to Fed. R. Civ. P. 23 on behalf of herself and other persons who were subject to the same unlawful policies and practices described herein.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's Ohio Wage Act claims pursuant to 28 U.S.C. § 1367, insofar as Plaintiff's Ohio Wage Act claims are so related to her FLSA claims that they form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## PARTIES

7. At all times relevant, Plaintiff has been a citizen of the United States, and has performed compensable work for Defendants within this district and division.

8. Defendant Transport-U-Transportation LLC is an Ohio limited liability company, with its principle place of business located in Hamilton, Ohio (Butler County). Defendant Transport-U can be served through its registered agent: Melanie Ross, 1815 Pleasant Avenue, Hamilton, Ohio 45015.

9. Defendant Ross is an Ohio resident, and can be served at 1815 Pleasant Avenue, Hamilton, Ohio 45015.

## FACTUAL ALLEGATIONS

10. At all times relevant, Defendants were individually and jointly "employers" within the meaning of the FLSA.

11. Plaintiff worked for Defendants within the three year statute of limitations.

12. Transport-U holds itself out as a non-emergency medical transportation service.

13. At all relevant times, Defendants comprised an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. At all relevant times, Plaintiff and those similarly situated were "employees" of Defendants; however, Defendants misclassified Plaintiff and those similarly situated as independent contractors.

15. Defendants jointly employed Plaintiff and those similarly situated as drivers to carry out tasks that are integral parts of Defendants' business.

16. The primary duties of Plaintiff and those similarly situated consisted of manual and non-exempt work, such as driving Defendants' customers using Defendants' vehicles, which had a gross vehicle weight rating of less than 10,000 pounds.

17. Ross, as founder, president, and owner of Transport-U, has operational control over significant aspects of the day-to-day functions of Transport-U, including the day-to-day functions of Plaintiff and others similarly situated.

18. Defendants have the authority to hire, fire and discipline employees, including Plaintiff and others similarly situated.

19. Defendants have the authority to set rates and methods of compensation of Plaintiff and others similarly situated.

20. Defendants have the authority to control the work schedules and employment conditions of Plaintiff and others similarly situated.

21. Defendants have the ultimate authority and control of employment records.

22. Defendants have mutually benefitted from the work performed by Plaintiff and others similarly situated.

23. Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and others similarly situated.

24. Defendants shared the services of Plaintiff and others similarly situated.

25. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and others similarly situated.

26. At all relevant times, Plaintiff and those similarly situated were economically dependent upon Defendants.

27. Plaintiff and those similarly situated did not need specialized skill or receive any specialized training in order to perform their primary duties for Defendants.

28. The profits and earnings of Plaintiff and those similarly situated did not increase or decrease because of initiative, judgment, or foresight; and their opportunity for profit or loss was not dependent on their management skills or unique specialization.

29. Plaintiff and those similarly situated were paid hourly.

30. Plaintiff and those similarly situated did not make significant investments in equipment or materials.

31. Plaintiff and those similarly situated used Defendants' vehicles to perform their job duties, and those vehicles displayed the logo of Transport-U.

32. Plaintiff and those similarly situated were not required to have their own office space or engage in their own independent advertising as it relates to work performed as employees of Defendants.

33. Defendants prohibited Plaintiff and others similarly situated from having any other jobs that were similar to the duties performed for Defendants.

34. Plaintiff and those similarly situated worked sufficient hours for Defendants that it was practically impossible for them to work for other employers.

35. At all relevant times, Defendants had the right of control and did in fact control the manner in which Plaintiff and those similarly situated performed their work for Defendants.

36. At all relevant times, Defendants controlled the days worked, jobs taken, and compensation of Plaintiff and those similarly situated.

37. Defendants required Plaintiff and those similarly situated to wear uniforms, such as shirts with "Transport-U" logos, when performing work for Defendants.

## UNPAID OVERTIME

38. Plaintiff and those similarly situated frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA and Ohio Wage Act.

39. Having misclassified Plaintiff and those similarly situated as independent contractors, Defendants did not pay them one and one-half times their regular rates for hours worked in excess of 40 in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as an "opt-in" collective action on behalf of herself and all other similarly situated employees of the opt-in class, consisting of:

> All persons employed by Defendants as drivers who were not paid one and one-half times their regular rate of pay for hours worked in excess of 40 in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "§216(b) Class").

5

41. Like Plaintiff, the putative 216(b) Class Members have been denied proper overtime compensation due to Defendants' company-wide policy and practice of misclassifying employees as independent contractors and not compensating the putative 216(b) Class Members at the proper overtime rate during workweeks when they worked more than forty (40) hours per workweek, in violation of the FLSA.

42. Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

43. The identity of the putative 216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll and business records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

44. The net effect of Defendants' policies and practices is that Defendants willfully failed to fully and properly pay Plaintiff and §216(b) Class Members overtime wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of Plaintiff and the §216(b) Class Members.

## **CLASS ACTION ALLEGATIONS**

45. Plaintiff brings her Ohio Wage Act and OPPA claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of herself and all other similarly situated of the following class, consisting of:

> All persons employed by Defendants as drivers who were not paid one and one-half times their regular rate of pay for hours worked in excess of 40 in any workweek beginning two years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "Rule 23 Class").

46. At all relevant times, Plaintiff and the Rule 23 Class Members have been denied proper overtime compensation due to Defendants' company-wide policy and practice of misclassifying employees as independent contractors and not compensating the putative Rule 23 Class Members at the proper overtime rate during workweeks when they worked more than forty (40) hours per workweek, in violation of the Ohio Wage Act.

47. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

48. Plaintiff is a member of the Rule 23 Class and her claims are typical of the claims of other members of the Rule 23 Class.

49. Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

50. Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that she has undertaken to represent.

51. Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

52. Questions of law and fact are common to the Rule 23 Class.

53. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to its employees.

54. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making declaratory and injunctive relief appropriate with respect to Plaintiff and the Ohio Rule 23 Class as a whole.

55. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

56. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Rule 23 Class Members their correct overtime rate for all hours worked in excess of forty hours per week as a result of Defendants' misclassification of the Rule 23 Class Members as independent contractors; (b) what amount of unpaid and/or withheld overtime compensation is due to Plaintiff and other members of the Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (c) what amount of prejudgment interest is due to the Rule 23 Class members on the overtime or other compensation which was not paid to them.

57. A class action is superior to individual actions for the fair and efficient adjudication of Plaintiff's and the Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Plaintiff and her counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim.

58. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

59.

## COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and those §216(b) Class Members Ins who will join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to join this action pursuant to § 216(b) is being filed along with this Complaint, and is attached as **Exhibit A**.

62. During the relevant time period, Defendants employed Plaintiff and the §216(b) Class Members.

63. During the relevant time period, Defendants misclassified Plaintiff and the §216(b) Class Members as independent contractors.

64. Plaintiff and the §216(b) Class Members were paid on an hourly basis when working in non-exempt positions.

65. Plaintiff and the §216(b) Class Members worked in excess of 40 hours in a workweek in numerous workweeks during their employment.

66. The FLSA requires that covered employees be compensated for every hour worked in a workweek. See 29 U.S.C. § 206(b).

67. The FLSA requires that non-exempt employees receive overtime compensation of their regular rate of pay for hours worked in excess of forty (40) per week. See 29 U.S.C. § 207(a)(1).

68. Under 29 U.S.C. § 207(e), "regular rate" of pay shall be broadly deemed to include all remuneration for employment paid to, or on behalf of, the employee like the type of Plaintiff and the §216(b)

9

69. Plaintiff and the §216(b) Class Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years from the filing date of the original Complaint.

70. Defendants violated the FLSA with respect to Plaintiff and the §216(b) Class Members by, among other things, failing to fully compensate them at time-and-one-half times their regular rates of pay for hours worked over forty (40) hours in workweeks because Defendants misclassified them as independent contractors.

71. Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff and the §216(b) Class Members are entitled.

72. The exact total amount of compensation that Defendant failed to pay Plaintiff and the §216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

73. As a direct and proximate result of Defendants' conduct, Plaintiff and the §216(b) Class Members have suffered and continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the §216(b) Class Members.

## COUNT II
### (O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

74. All of the preceding paragraphs are realleged as if fully rewritten herein.

75. This claim is brought under Ohio law, which incorporates the FLSA without limitation.

76. Plaintiff and the Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under Ohio law.

77. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." See O.R.C. § 4111.03(A).

78. Plaintiff and the Rule 23 Class worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not correctly paid their overtime rate for all hours worked over 40 in a workweek.

79. Defendants' company-wide corporate policy and/or practice of not properly paying its hourly, non-exempt employees the correct overtime rate for each hour worked over forty (40) hours in workweeks resulted in unpaid overtime wages for Plaintiff and Rule 23 Class.

80. Defendants violated the Ohio Wage Act with respect to Plaintiff and the Rule 23 Class by, among other things, failing to compensate them at time-and-one-half times their correct regular rates for hours worked over forty (40) hours in a workweek because Defendants misclassified them as independent contractors.

81. Plaintiff and the Rule 23 Class were not exempt from the wage protections of Ohio law.

82. For Defendants' violations of O.R.C. §4111.03, by which Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages; Plaintiff and the Rule 23 Class Members seek unpaid overtime and other compensation, interest, attorneys' fees, and all other remedies available.

## PRAYER FOR RELIEF

**WHEREFORE**, as to **Count I**, Plaintiff and other members of the §216(b) Class pray for an Order as follows:

11

  A.  Certifying the proposed FLSA collective action;

  B.  Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

  C.  Declaring that Defendants' policy or practice of misclassifying Plaintiff and the §216(b) Class Members as independent contractors and not paying them at time-and-one-half times their regular rates of pay for hours worked over forty (40) hours in workweeks as described herein violates the FLSA;

  D.  Judgment against Defendant for damages for all unpaid overtime compensation owed to Plaintiff and the §216(b) Class Members during the applicable statutory period under the FLSA and continuing through trial;

  E.  Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Plaintiff and all other similarly situated employees during the applicable statutory period;

  F.  Directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

  G.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

  H.  Judgment for all civil penalties to which Plaintiff and all other similarly situated employees may be entitled; and

  I.  Such other and further relief as to this Court may deem necessary, just or proper.

 **WHEREFORE**, as to **Count II**, Plaintiff and other members of the Rule 23 Class pray for an Order as follows:

A. Declaring that Defendants' policy or practice of misclassifying Plaintiff and the Rule 23 Class Members as independent contractors and not paying them at time-and-one-half times their regular rates of pay for hours worked over forty (40) hours in workweeks as described herein violates the Ohio Wage Act;

B. Awarding Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial;

C. Awarding Plaintiff and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

D. Awarding Plaintiff and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

Respectfully submitted,

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
Christopher J. Lalak (0090079)
NILGES DRAHER LLC
614 W. Superior Avenue, Suite 1148
Cleveland, OH  44113
Email: jmoyle@ohlaborlaw.com
         clalak@ohlaborlaw.com
Telephone: (216) 230-2955
Fax:  (330) 754-1430

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

*/s/ Jeffrey J. Moyle*
Counsel for Plaintiffs